# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

PHYLLIS M. HILL,                )
                                )
            Plaintiff,           )
                                )
v.                              )   Case No. CIV-10-347-KEW
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.           )

## OPINION AND ORDER

Plaintiff Phyllis M. Hill (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 16, 1960 and was 49 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant worked in the past as a nurse's aide and child care attendant. Claimant alleges an inability to work beginning February 6, 2006 due to diabetes, neuropathy, hypertension, obesity, heart problems, restless leg syndrome, and depression.

**Procedural History**

On March 10, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 7, 2007, the ALJ issued an unfavorable decision. This Court reversed the ALJ's decision and remanded the matter for further hearing on July 8, 2009. On November 30, 2009, a second administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On February 26, 2010, the ALJ issued a partially favorable decision on Claimant's application, finding Claimant was disabled after February 16, 2010. On July 19, 2010, the Appeals Council denied review of the ALJ's decision, stating that the appeal of the ALJ's decision was untimely. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and prior to February 16, 2010 retained the residual functional capacity ("RFC") to perform sedentary work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in improperly rejected the opinion of Claimant's treating physician.

**Evaluation of Claimant's Treating Physician's Opinion**

In his decision, the ALJ determined that Claimant suffered from the severe impairments of diabetes, diabetic neuropathy, hypertension, and obesity. (Tr. 360). Between the onset date of February 6, 2006 until February 15, 2010, he found Claimant retained the RFC to occasionally lift and/or carry 10 pounds, frequently lift and/or carry up to 10 pounds, stand and/or walk for at least 2 hours in an 8 hour workday, and sit for at least 6 hours in an 8 hour workday. (Tr. 361). Beginning on February 16, 2010, the ALJ determined Claimant was disabled, having found Claimant to be an individual closely approaching advanced age. (Tr. 364).

Claimant contends the ALJ failed to properly weigh and consider the opinion of his treating physician, Dr. Thomas E. Trow. On January 9, 2007, Claimant was evaluated by Dr. Trow. Dr. Trow stated Claimant was a "chronically ill patient" as a result of type 2 diabetes for more than 20 years. He also found Claimant to have severe diabetic peripheral neuropathy and edema, primarily in the left lower extremity. (Tr. 212). Dr. Trow opined that Claimant was permanently and totally disabled by the poor condition of her left

5

lower extremity which would benefit from optimal care but will never be functionally normal nor allow her to work. He found Claimant suffers from chronic neuropathic lower extremity pain and likely has developed diabetic heart disease, but that further testing was required to confirm the latter. (Tr. 213).

On the same date, Dr. Trow completed a Physical Medical Source Statement on Claimant. He estimated Claimant could sit and stand for between 10 and 30 minutes at one time, could never walk, could sit for 2 hours in an 8 hour workday, stand for 10-30 minutes in an 8 hour workday, and never walk. Claimant could lift occasionally up to 20 pounds and could carry no weight. (Tr. 209). Claimant's ability to use her feet in repetitive pushing and pulling was limited and the use of her hands were not limited. Dr. Trow found Claimant could never bend, squat or climb and could only occasionally crawl and reach. Claimant was found to be markedly limited in working in unprotected heights, being around moving machinery, being exposed to marked changes in temperature and humidity or vibrations. She was moderately limited in exposure to dust, fumes, and gases. Dr. Trow stated Claimant had nil sensation in her lower extremities, mid-calf and below, had nil ankle reflexes, had active ulcers in her lower left leg, and had edema in her lower left leg. (Tr. 210). Dr. Trow also found Claimant to have a marked case of fatigue with shortness of breath. He also

found testing revealed Claimant had diabetic cardiomyopathy. (Tr. 211).

Dr. Trow saw Claimant on February 20, 2007 and April 17, 2007 without any improvement in her condition. (Tr. 339-42). In a July 23, 2007 visit, Claimant complained of tingling and edema in her lower extremities. (Tr. 343).

The ALJ gave Dr. Trow's opinions "little weight" because (1) Dr. Trow had not seen Claimant prior to January of 2007; (2) it could not be determined whether Dr. Trow took into account the fact that Claimant was non-compliant with treatment; and (3) Dr. Trow's opinion was inconsistent with other substantial evidence in the record. (Tr. 364). On the first point, the ALJ noted that Claimant had always been seen by a physician's assistant prior to January of 2007. The physician's assistants were employed by the same clinic as Dr. Trow and, therefore, the records of the visits with the assistants were available to Dr. Trow in his later examinations. This Court perceives little effect this fact would have upon the validity of Dr. Trow's opinions.

On the second cited reason for the rejection of Dr. Trow's opinions, the ALJ cited to one of the rejected physician's assistants who found Claimant was not eating right and maintaining a diabetic diet. (Tr. 363). The ALJ is required to show that compliance with the treatment should be expected to restore

7

Claimant's ability to work, the treatment was prescribed, the treatment was refused, and the refusal was without justifiable excuse. Teter v. Heckler, 775 F.2d 1104, 1107 (10th Cir. 1985)(citations omitted). The ALJ did not make these findings in his decision.

On the third and last basis for rejecting the opinion of the treating physician, the ALJ found Dr. Trow's opinion to be inconsistent "with the other substantial evidence as noted above." (Tr. 364). The only evidence "noted above" was an evaluation by an agency evaluating physician, Dr. Beth Teegarden, who noted inconsistencies in Claimant's pain during the examination and in the waiting room. Dr. Teegarden ultimately concluded Claimant had neuropathy with constant pain, recent left lower extremity laceration with left lower extremity edema, hypertension, diabetes, lower extremity edema bilaterally, by history, and history of right foot ulcer, well healed, no sequela. (Tr. 188-91). No other evidence concerning the matters addressed by Dr. Trow in his opinion was cited previously in the opinion. This evidence is not inconsistent with Dr. Trow's opinion. In short, the reasons for rejection of Claimant's treating physician are not sufficiently supported by substantial evidence. This Court is not unmindful of the fact Dr. Trow exceeded his medical opinion regarding statements of Claimant's inability to work - a matter clearly reserved to

8

Defendant. However, on remand, the ALJ shall re-evaluate Dr. Trow's opinions in the light of the remainder of the medical record and cite with some detail any inconsistencies with the remainder of the medical record which justifies the rejection of his opinion with regard to Claimant's functional abilities.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 27th day of March, 2012.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE