# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

PHYLLIS M. HILL,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   Case No. CIV-10-347-KEW
                                    )
CAROLYN W. COLVIN, Acting           )
Commissioner of Social              )
Security Administration,            )
                                    )
            Defendant.              )

## OPINION AND ORDER

This matter comes before this Court on the Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) filed by Nathan E. Barnard, the attorney for Plaintiff (Docket Entry #32). No response to the Motion has been received from Defendant. Counsel requests that he be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $3,160.58. Counsel was employed by Plaintiff to appeal the adverse decision rendered by Administrative Law Judge presiding over the request for benefits.

Counsel filed Plaintiff's opening brief and reply. On March 27, 2012, this Court reversed the ALJ's decision and remanded the case to Defendant for further proceedings. Plaintiff, therefore, prevailed in this appeal. As a result, on July 6, 2012, Plaintiff was awarded attorneys' fees in accordance with the Equal Access to Justice Act ("EAJA") for the efforts before this Court in the amount of $3,894.45. At a time not specified by Plaintiff's attorney, he received a Notice of Award dated July 20, 2013 awarding past due benefits of $17,705.17.

By letter dated November 13, 2013, Plaintiff's counsel was informed by the Department of the Treasury that the entire amount

of EAJA fees awarded to Plaintiff had been seized to satisfy an outstanding debt owed to the Government by Plaintiff. Plaintiff's counsel now seeks $3,160.58 in § 406(b) fees to compensate him "for that amount he was due under the EAJA, and which was taken from the EAJA check by the U.S. Government for payment of Plaintiff's tax debt.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). The Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Plaintiff's counsel seeks considerably less than the 25% award allowed under § 406(b).

This Court has considerable independent concern about the timeliness of counsel's request. In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is

served by permitting its use in the circumstance faced by counsel in seeking these fees.  Id.  To that end, any fee request pursued under §406(b) should be filed  "within a reasonable time of the Commissioner's decision awarding benefits."  Id. (citation omitted).

In this case, Notice of Award was issued by Defendant on July 20, **2013**.  Plaintiff's counsel never sought and extension of time to file a request for § 406(b) fees under Rule 60(b)(6).  Counsel filed the subject Motion on December 2, **2016**.  A three and one half year delay in filing a § 406(b) request is patently unreasonable.  Counsel did not seek and extension to file the Motion and does not provide an explanation with the Motion for the considerable delay in its filing.  As a result, the request is considered untimely and will be denied.

IT IS THEREFORE ORDERED that the Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) filed by Nathan E. Barnard, the attorney for Plaintiff (Docket Entry #32) is hereby **DENIED**.

IT IS SO ORDERED this 23rd day of January, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE